Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-20164

v.

RICHARD SAMUEL CHAMBERLAIN,

 *Defendant.*

_____/

## DETENTION ORDER PENDING TRIAL

  After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.** **Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX (1) The Government moved for detention at Defendant's first appearance pursuant to:

   XX 18 U.S.C. § 3142(f)(1).

   __ 18 U.S.C. § 3142(f)(2).

__ (2) A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.** **Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__ (1) Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

\_\_    (3)    A period of less than five years has elapsed since

         \_\_    the date of conviction, **or**

         \_\_    Defendant's release from prison for the offense described in finding (B)(1).

\_\_    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))

There is probable cause to believe that Defendant has committed an offense:

         \_\_    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

         \_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

         \_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

         \_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

         \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

         \_\_    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## D.    Findings Pursuant to 18 U.S.C. § 3142(f)(2)

\_\_    (1)    There is a serious risk that Defendant will not appear.

\_\_    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

\_\_     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention have been cited by either party, the Court will therefore consider Defendant's circumstances using the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that counts one and two of the Indictment deal with the use and possession of weapons. Count three alleges domestic assault and count four is arguably an assaultive crime. I find from the grand jury having returned an indictment that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 22 years of age and was born in New Orleans. He is a Native American and a member of the Saginaw Chippewa Tribe, receiving biweekly per capita. He is single, has no children, and has never been employed. Defendant conceded to Pretrial Services that he began using marijuana at age 13 and that he last used marijuana on the day of his arrest. Defendant has more recently begun using cocaine, and he

conceded to Pretrial Services that his last use was shortly before his arrest. Defendant informed Pretrial Services that he had attended substance abuse treatment in 2008 and admitted that he did not complete the program, as he had been arrested on other charges. Urinalysis testing at the time of his arrest tested positive for marijuana.

In 2001, when Defendant was 12 years of age, Defendant pled guilty to retail fraud - third degree and was placed on probation. He violated the probation, was found guilty of the violation and probation was extended. He then pled guilty to a controlled substances violation and probation was again continued. Pretrial Services reports that there were several subsequent violations, as Defendant failed to obtain required substance abuse screening and assessment.

In 2004 at age 15, Defendant pled guilty to open intoxicants, operating without a license, and the purchase and consumption of alcohol by a minor. He was again placed on probation. Pretrial Services reports that Defendant again was charged with numerous violations of this probation. One week after the open intoxicants charge, Defendant was again charged with retail fraud - third degree. He pled guilty to that charge and was placed on probation. Pretrial Services again reports numerous probation violations.

In 2007 at age 18, Defendant pled guilty to misdemeanor use of marijuana. He was sentenced to 40 days in jail, fines and costs. 11 months later, at age 19, Defendant was charged with possession of marijuana - second offense, and was sentenced to 90 days in jail and two years' probation. A month and a half later, while on probation, Defendant was charged with felony malicious destruction of property. He pled guilty to that charge and was sentenced to 150 days in jail and two years probation. In 2009, while on probation, Defendant pled guilty to misdemeanor domestic violence and was sentenced to 10 days in jail and placed on probation. I note that the victim in that offense is the same victim in the offenses charged in this Indictment.

In April 2010, while on probation, Defendant again pled guilty to misdemeanor domestic violence. He was sentenced to 40 days in jail, fines and costs, and again placed on probation. The victim was again the same victim as that charged in this Indictment.

In addition to the state court record already summarized, Defendant's tribal record includes a 2006 conviction for family violence, a 2007 conviction for a controlled substances violation, a 2008 conviction for three counts of assault and battery, and a 2009 conviction for trespassing. This summary does not include traffic offenses.

As I weigh these facts under the Bail Reform Act, I note first that Defendant's extensive criminal history, including both assaultive and drug related crimes, has almost entirely taken place while he was on court-imposed probation, a factor I am required to consider under the Bail Reform Act. Thus, it is plainly obvious that Defendant is completely unwilling to abide by any conditions of supervision, and I see no legitimate reason to believe that this pattern of behavior would be changed if Defendant is placed on bond in this case. Moreover, as well stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985).

For all these reasons, I conclude that there are no conditions nor any combination of conditions I could fashion which would reasonably assure the safety of the community, and in particular, the safety of the alleged victim.

I also note parenthetically that retained counsel's request that I consider the inconvenience to counsel occasioned by Defendant's detention is of absolutely no moment. Nowhere in the Bail Reform Act is this listed as a factor for this Court to consider. It has not, and will not, be considered.

For all these reasons, the government's motion to detain will be **GRANTED**.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.


                                        s/ Charles E. Binder
                                        CHARLES E. BINDER
Dated: March 31, 2011                   United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Doris M. Day-Winters, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: March 31, 2011            By     s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder